1
2
3
4
5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF CALIFORNIA**

7

8 JESSE D. ALLRED,                                  ) Case No.: 1:18-cv-01571-LJO-SAB (PC)
                                                    )
9              Plaintiff,                           )
                                                    ) ORDER FOR PLAINTIFF TO SHOW CAUSE
10     v.                                           ) WHY DEFENDANT MARTINEZ SHOULD NOT
                                                    ) BE DISMISSED PURSUANT TO RULE 4(M) OF
11 CALIFORNIA DEPARTMENT OF                         ) THE FEDERAL RULES OF CIVIL PROCEDURE
   CORRECTIONS AND REHABILITATION,                  )
12 et al.,                                          ) [ECF No. 14]
                                                    )
13             Defendants.                          )

14          Plaintiff Jesse D. Allred is appearing pro se and in forma pauperis in this civil rights action

15 pursuant to 42 U.S.C. § 1983.

16          This action is proceeding on against Defendants Duroy, Johnson, Moss and Martinez for

17 deliberate indifference to a serious medical need in violation of the Eighth Amendment.

18          The United States Marshal was not able to locate or identify Defendant Martinez and service

19 was returned un-executed on June 28, 2017.

20          Rule 4(m) of the Federal Rules of Civil Procedure provides:

21          If a defendant is not served within 90 days after the complaint is filed, the court - on
            motion or on its own after notice to the plaintiff - must dismiss the action without
22          prejudice against that defendant or order that service be made within a specified time.
            But if the plaintiff shows good cause for the failure, the court must extend the time for
23          service for an appropriate period.

24

25          In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

26 Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

27 "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal

28

                                                    1

for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Martinez.[1] Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Martinez should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Martinez shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Martinez should not be dismissed from this action; and

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Martinez from this action.


IT IS SO ORDERED.

Dated:   **June 30, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The marshal's office sought assistance from the health care personnel analysis at Valley State Prison who indicaed that there was no employee by name of Martinez in the position of x-ray technician and service would not be accepted. (ECF No. 14.)

2