| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| JESSE D. ALLRED, | Case No.: 1:16-cv-01571-LJO-SAB (PC) |
| Plaintiff, | |
| v. | SECOND ORDER DIRECTING SERVICE OF PROCESS ON DEFENDANT MARTIN MARTINEZ BY THE UNITED STATES MARSHAL |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | [ECF Nos. 14, 16, 17, 21] |

Plaintiff Jesse D. Allred is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on against Defendants Duroy, Johnson, Moss and Martinez for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The United States Marshal was not able to locate or identify Defendant Martinez and service was returned un-executed on June 28, 2017.

On June 30, 2017, the Court issued an order to show cause why Defendant Martinez should not be dismissed from the action for failure to effectuate service of process. On July 24, 2017, Plaintiff filed a response to the order to show cause. On July 27, 2017, the Court discharged the order to show cause and granted Plaintiff forty-five (45) days to identify and serve Defendant Martinez.

On August 31, 2017, Plaintiff filed a motion for the appointment of counsel and attaches a copy of a health care services request form (CDC 7362) and response by V. Griggs which states "spoke with radiology from VSP x-ray tech for spine was done by Martin Martinez who is no longer there." (ECF No. 21, Exs. B-1, B-2.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22. The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).

Here, it is appears that Plaintiff has now provided information "necessary to sufficiently identify" Defendant Martin Martinez in this action. However, the health care personnel analyst at Valley State Prison (VSP) advised the United States Marshal that the institution "has not had an employee by that name [Martinez] in the position of x-ray tech. They will not accept service." (ECF No. 14.) Based on the evidence submitted by Plaintiff, the Court will direct re-serve on Defendant Martin Martinez at VSP and direct the United States Marshal to seek the assistance of the litigation coordinator at VSP in attempting to locate Martin Martinez by way of any forwarding address or any other means available to the Marshal in locating this Defendant. Any forwarding address of Martin Martinez may be provided to the United States Marshal in a confidential memorandum indicating that

the summons and Plaintiff's complaint is to be served upon Martin Martinez at that address. Pursuant to this confidential service order, any forwarding address of Defendant Martin Martinez shall not appear on any USM-285 forms, shall not be made accessible to the Plaintiff under any circumstances, and shall not be made part of the Court's record. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (While a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner … due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency.") If the United States Marshal is unable to locate Defendant Martin Martinez, the Marshal shall document on the USM-285 form all avenues that were exhausted in attempting to locate this Defendant.

Based on the foregoing, it is HEREBY ORDERED that the Marshal is now directed to attempt re-service on Defendant Martin Martinez. Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of Court is directed to serve a copy of the following documents on the United States Marshal:
   a. A copy of the complaint, filed on October 18, 2016 (ECF No. 1);
   b. The Court's June 16, 2017 service order (ECF No. 13);
   c. A copy of Exhibits B-1 and B-2 attached at pages 10 and 11 of ECF No. 21;
2. The Clerk of Court shall prepare a new USM-285 form for Defendant Martin Martinez and forward it to the United States Marshal; and
3. All provisions of the Court's June 16, 2017, order remain in full force and effect.

IT IS SO ORDERED.

Dated: **September 1, 2017**

UNITED STATES MAGISTRATE JUDGE