UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE D. ALLRED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01571-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PETITION FOR WRIT OF MANDAMUS<br><br>[ECF No. 24] |

Plaintiff Jesse D. Allred is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's petition for writ of mandamus, filed August 31, 2017. Plaintiff seeks an order directing J. Clark Kelso, Receiver, at California Correctional Health Care Service, and G. Milliken, Public Records Act Coordinator, at California Correctional Health Care Service to disclose the position and location of Martin Martinez (identified as a Defendant in this action who has not yet been served with process).

The federal mandamus status provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel a federal officer to perform a duty only if:

1

1 | (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly
2 | prescribed as to be free from doubt; and (3) no other adequate remedy is available. See Fallini v.
3 | Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986).

On September 1, 2017, the Court issued a second order directing service of process by the United States Marshal on Defendant Martin Martinez. (ECF No. 23.) Accordingly, Plaintiff's request for a further order is denied as moot. Furthermore, the Court has no authority to take the action requested by Plaintiff against the identified prison officials, who are state actors, by way of writ of mandamus. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as matter of law. See Demons v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 5, 2017**

_____
UNITED STATES MAGISTRATE JUDGE