|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| JESSE D. ALLRED, | ) Case No.: 1:16-cv-01571-LJO-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DIRECTING DEPUTY ATTORNEY GENERAL TO PROVIDE DEFENDANT MARTIN MARTINEZ'S FORWARDING ADDRESSES, IF AVAILABLE, IN CONFIDENTIAL MEMORANDUM TO U.S. MARSHAL IN ORDER TO EFFECT SERVICE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) |
| Defendants. | ) [ECF Nos. 23, 26 |

Plaintiff Jesse D. Allred is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on against Defendants Duroy, Johnson, Moss and Martinez for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The United States Marshal was not able to locate or identify Defendant Martinez and service was returned un-executed on June 28, 2017.

On June 30, 2017, the Court issued an order to show cause why Defendant Martinez should not be dismissed from the action for failure to effectuate service of process. On July 24, 2017, Plaintiff filed a response to the order to show cause. On July 27, 2017, the Court discharged the order to show cause and granted Plaintiff forty-five (45) days to identify and serve Defendant Martinez.

1

On August 31, 2017, Plaintiff filed a motion for the appointment of counsel and attached a copy of a health care services request form (CDC 7362) and response by V. Griggs which states "spoke with radiology from VSP x-ray tech for spine was done by Martin Martinez who is no longer there." (ECF No. 21, Exs. B-1, B-2.)

On September 1, 2017, the Court issued a second order directing service of process on Defendant Martin Martinez and directed the United States Marshal to seek the assistance of the litigation coordinator at VSP in attempting to locate Martin Martinez by way of any forwarding address or any other means available to the Marshal in locating this Defendant. (ECF No. 23.) The Court further stated:

> Any forwarding address of Martin Martinez may be provided to the United States Marshal in a confidential memorandum indicating that the summons and Plaintiff's complaint is to be served upon Martin Martinez at that address. Pursuant to this confidential service order, any forwarding address of Defendant Martin Martinez shall not appear on any USM-285 forms, shall not be made accessible to the Plaintiff under any circumstances, and shall not be made part of the Court's record. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (While a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner … due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency.") If the United States Marshal is unable to locate Defendant Martin Martinez, the Marshal shall document on the USM-285 form all avenues that were exhausted in attempting to locate this Defendant.

(ECF No. 23, Order at 2:27-3:9.)

On September 11, 2017, the USM-285 form was returned by the United States Marshal as unexecuted with a notation that "per litigation coordinator at VSP, Martinez separated from VSP in December 2014. They have no forwarding information." (ECF No. 26.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal

for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22. The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).

Notwithstanding the initial indication by health care personnel at Valley State Prison (VSP) that no Martinez was ever employed there, based on the information provided by Plaintiff it is clear that Defendant Martin Martinez was employed during at VSP during the relevant time as a x-ray technician. It is not clear from the USM-285 form dated September 11, 2017, whether all avenues were explored in order to ascertain the last known address or any forwarding address for Defendant Martin Martinez. The Court will therefore direct the Deputy Attorney assigned to this case to contact the Litigation Coordinator at VSP who shall contact the human resources department to obtain any CDCR personnel records or records of any contracting agency for which Martin Martinez may have been employed, to ascertain the last known address or any forwarding addressed for Defendant Martinez. If information is obtained regarding Defendant Martinez's address, the Deputy Attorney shall submit a notice to the Court reflecting such information without providing the actual address on the court's docket. The Court will then forward such information to the United States Marshal in a confidential memorandum indicating that the summons and Plaintiff's complaint is to be served upon Martinez at the address provided. Should the litigation coordinator or CDCR indicate to the Deputy Attorney General that they are not in possession of Martin Martinez's forwarding address or last known address, the Deputy Attorney General shall file documentation with the Court reflecting all

avenues and resources that were explored in ascertaining an address for service of Defendant Martinez.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, the Deputy Attorney General assigned to this case is directed to contact the Litigation Coordinator at VSP who shall contact the human resources department to obtain any CDCR personnel records or records of any contracting agency for which Martin Martinez may have been employed, to ascertain the last known address or any forwarding addressed for Defendant Martinez; and

2. Should the litigation coordinator or CDCR indicate to the Deputy Attorney General that they are not in possession of Martin Martinez's forwarding address or last known address, within thirty days from the date of service of this order, the Deputy Attorney General shall file documentation with the Court reflecting all avenues and resources that were explored in ascertaining an address for service of Defendant Martinez.

IT IS SO ORDERED.

Dated: **September 25, 2017**

UNITED STATES MAGISTRATE JUDGE

4