# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE D. ALLRED, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | Case No.: 1:16-cv-01571-LJO-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND REQUESTS TO EXTEND THE DISCOVERY DEADLINE <br><br> [ECF Nos. 38, 39] |

Plaintiff Jesse D. Allred is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 25, 2018, Plaintiff filed a motion to extend the discovery and dispositive motion deadlines. (ECF No. 38.) Defendants did not file an opposition to Plaintiff's motion to extend the discovery and dispositive motion deadlines

On May 29, 2018, Defendants' motion to compel Plaintiff's responses to Defendants' first set of interrogatories and requests for production of documents was filed. (ECF No. 39.) Although the time frame to file an opposition to Defendants' motion to compel has not expired, the Court finds no prejudice because the motion can be resolved without opposition by Plaintiff; therefore, the Court will not await the opposition deadline period prior to ruling on the instant motion. Local Rule 230(l).

///

1

# I.

# DISCUSSION

## A. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 19, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

### B. Motion to Compel

Defendants seek to compel Plaintiff to respond to their first set of interrogatories and requests for production of documents. Defendants also request to extend the discovery deadline by thirty days and to extend the dispositive motion deadline by sixty days.

Defendants served their discovery requests on Plaintiff on March 20, 2018. Pursuant to the Court's August 29, 2017, discovery and scheduling order, Plaintiff was required to serve his responses within forty-days after service, i.e. on or before May 4, 2018. However, Plaintiff never served any responses.

On May 22, 2018, during his deposition, Plaintiff confirmed that he has not served his discovery responses. (Goodwin Declaration (Decl.) ¶ 5.) Plaintiff stated that he needed to conduct his own discovery and he has a pending request for an extension of time to do so. (Id.) As of the date of filing the instant motion, Defendants have not received Plaintiff's discovery responses. (Id. ¶ 6.)

Defendants timely filed their motion to compel the discovery sought in relation to the evidence Plaintiff intends to use to support his claims that Defendants were deliberately indifferent to his serious medical needs, and the evidence is necessary for Defendants to evaluate and prepare an anticipated motion for summary judgment. Plaintiff's claim that he is in need of conducting his own discovery is irrelevant to his failure to respond to Defendants' discovery requests to the best of his ability. Therefore, because Plaintiff failed to respond to Defendants' discovery requests, Defendants' motion to compel must be GRANTED. Plaintiff will be directed to file a response to Defendants' request for interrogatories, requests for production of documents, and to produce responsive documents without objection, or suffer dismissal of the action for failure to prosecute. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding that a party who

failed to timely object to interrogatories and document production requests waived any objections); see also City of Rialto v. U.S. Dep't of Def., 492 F.Supp.2d 1193, 1201-02 (C.D. Cal. 2007) (concluding that a party's failure to timely object to a document request constituted a waiver of the attorney-client privilege as to the documents in question). Plaintiff is reminded that failure to comply with this order and/or participate in good faith in the discovery process may result in sanctions, up to and including, dismissal of the action.

### C. Request to Extend the Discovery and Dispositive Motion Deadline

Defendants seek to extend the discovery and dispositive motion deadlines because of Plaintiff's failure to respond to their discovery requests. (ECF No. 39.)

Plaintiff seeks to extend the discovery and dispositive motion deadlines because the inmate who was assisting him with this action has been paroled and he has limited access to the law library due to his job assignment. (ECF No. 38.) Plaintiff indicates that he is preparing discovery requests to propound on Defendants. (Id.)

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance

4

of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In this instance, the discovery deadline expired on May 28, 2018. (ECF No. 37.) Based on the showing of good cause by both Defendants and Plaintiff, the Court will extend the discovery and dispositive motion deadlines.

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff to provide discovery responses is GRANTED;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall provide responses to Defendants' request for interrogatories and requests for production of documents, without objection;

3. The discovery deadline is extended to **August 28, 2018**;

4. The dispositive motion deadline is extended to **October 29, 2018**; and

5. All other provisions of the Court's August 29, 2017, discovery and scheduling order remain in full force and effect.

IT IS SO ORDERED.

Dated: __**June 1, 2018**__

UNITED STATES MAGISTRATE JUDGE